IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CADLEROCK III, LLC,

                Plaintiff,

   v.                                                ORDER

SUD ASHLAND LLC,                              16-cv-78-jdp
GIAN C. SUD, and NANCY A. SUD,

                Defendants.

---

Plaintiff Cadlerock III, LLC seeks a monetary judgment against defendants Sud Ashland LLC, Gian C. Sud, and Nancy A. Sud based on defendants' failure to make payments due under a note that plaintiff holds. Dkt. 1-1. Plaintiff also seeks to foreclose on the subject mortgaged property. *Id.* Invoking this court's diversity jurisdiction, defendants removed this case pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. Dkt. 1. Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, the court will direct defendants to file an amended notice of removal containing the necessary allegations.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v.*

*Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802-03.

Here, defendants contend that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are diverse. For the latter to be true, however, the parties must be completely diverse, meaning plaintiff cannot be a citizen of the same state as any defendant. *Id.* at 803. Defendants' allegations regarding Sud Ashland's and plaintiff's citizenship are insufficient to allow the court to determine whether this is the case.

Both Sud Ashland and plaintiff are limited liability companies. "[T]he citizenship of an LLC is the citizenship of each of its members[.]" *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). But defendants do not allege the names or citizenships of any of Sud Ashland's members. Instead, defendants allege that the LLC is "a Wisconsin limited liability company and its registered agent's office is located" in Wisconsin. Dkt. 1, ¶ 9. This information is not relevant to deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 429 (7th Cir. 2009). Defendants have also failed to allege facts sufficient for the court to determine plaintiff's citizenship. Although defendants allege that "[u]pon information and belief all of Plaintiff's member[s] are residents or are otherwise domiciled in the state of Ohio[,]" Dkt. 1, ¶ 8, these allegations are not sufficient to establish the LLC's citizenship. "Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile." *Lake v. Hezebicks*, No. 14-cv-143, 2014 WL 1874853, at *1 (N.D. Ind. May 9, 2014) (citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)). Defendants conflate the terms "residence" and "domicile" and must clarify their allegations in an amended notice of removal.

Before dismissing this case for lack of subject matter jurisdiction, the court will allow defendants to file an amended notice of removal that establishes subject matter jurisdiction by alleging the names and citizenships of each of Sud Ashland's and plaintiff's members. In alleging the LLCs' citizenships, defendants should be aware that if any members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then defendants must allege the individual citizenship of each of those members as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

ORDER

IT IS ORDERED that:

1. Defendants Sud Ashland LLC, Gian C. Sud, and Nancy A. Sud will have until February 18, 2016, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered February 5, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge